**OSTERGAR LATTIN JULANDER LLP**
John E. Lattin (State Bar No. 167876)
*jlattin@ostergar.com*
9110 Irvine Center Drive
Irvine, California 92618
Tel: (949) 357-2544
Fax: (949) 305-4591

**SESSIONS & KIMBALL LLP**
Nicole A. Nguyen, SBN 248449
*nan@job-law.com*
23456 Madero, Suite 170
Mission Viejo, CA 92691
Tel: (949) 380-0900
Fax: (949) 380-8283

Attorneys for Plaintiffs

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JONES, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> QUEST DIAGNOSTICS INCORPORATED, et al. <br><br> Defendant(s). | Case No. 8:19-cv-00338-DOC-JDE <br><br> **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING JUDGMENT [34]** <br><br> Date: June 14, 2021 <br> Time: 8:30 a.m. <br> Dept.: 9D <br> Judge: Hon. David O. Carter <br><br> Complaint Filed: December 21, 2018 |

This matter came on for hearing on June 14, 2021 in Courtroom 9 D of the above-captioned Court on Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement ("Motion"). Plaintiff, individually and on behalf of the proposed settlement class, and Defendants have entered into a Settlement Agreement ("Settlement") that, if approved, would resolve this litigation.

Having considered the motion, the Settlement Agreement together will all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS:

1. Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Settlement Agreement.

**2.** This Court has jurisdiction over this litigation, Plaintiff, Defendants, and Settlement Class Members.

3. The Court has reviewed the terms of the Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declaration in support of the motion. Based on its review of these papers, the Court finds that the Settlement Agreement is the result of serious, informed, and non-collusive negotiations conducted with the assistance of an experienced and qualified wage and hour class action mediator.

4. The Settlement falls within the range of fair, reasonable, and adequate, as a result of non-collusive, arms' length negotiations, and thus is likely to gain final approval under Federal Rule of Civil Procedure 23(e)(2).

5. The Court therefore GRANTS final approval of the Class Action Settlement.

6. The Court certifies the following Settlement Class for purposes of judgment on the Settlement:

> All current and former non-exempt employees working for Quest and/or CWS providing facilities or maintenance services at former or current Quest facilities/locations in California from December 21, 2014 through the date of Preliminary Approval of the Settlement.

7. The Court finds that the requirement of Rule 23(a) are satisfied.

8. Rule 23(a)(1) is satisfied because the class consists of 72 current and former non-exempt employees working for Quest and/or CWS providing facilities